SNAKE KING *v.* UNITED STATES

**No. 6502.**—Pro forma invoices dated Mexico, January 22, 1943, etc.
Entered at Brownsville, Tex., February 2, 1943, etc.
Entry No. 590–B, etc.

(Decided November 13, 1946)

Plaintiff not represented by counsel.
*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman* and *Joseph E. Weil,* special attorneys), for the defendant.

CLINE, Judge: These appeals to reappraisement involve the value of certain military insignia imported from Mexico from February to August 1943.

When the cases were called for trial on October 5, 1945, reappraisement numbers 156745–A, 156481–A, and 156483–A were consolidated, and the balance of the appeals were consolidated under reappraisement number 156476–A. The cases were continued and at a subsequent hearing on March 22, 1946, the importer stated that all of the cases were consolidated and no objection was made by the attorney for the Government. All of the cases involved the same type of merchandise, but apparently the articles covered by the first three reappraisements were appraised on the basis of cost of production

and the balance on the basis of United States value. It appears from the record that some of the items were appraised in United States currency and some in Mexican currency.

The importer contends that either foreign or export value is the proper basis of valuation.

At the trial the importer called Narviso Cano who testified that he had manufactured merchandise identical or similar to that introduced into evidence as plaintiff's exhibit 1 and plaintiff's exhibit 2; that he had sold such insignia to the plaintiff, and to some others in Mexico City; that the ones he sold to the importer herein bore the name of Snake King on them; that the sales in Mexico were retail sales in quantities of about a dozen pieces for less than 20 pesos; that the only sales of any size or importance were those to the importer; that the merchandise was offered to all purchasers at the same price; and that he had no exclusive sales agreement with the importer.

The defendant then called Mr. King who testified that Mr. Cano was at liberty to sell to all purchasers with the exception of the merchandise bearing the importer's name. Counsel for the Government then introduced into evidence as defendant's collective exhibit 3 a letter, with translation, from Cano and Rodriguez to Mr. King, in which they stated that they would manufacture the military insignia for Mr. King at 15 cents Mexican money each, provided he would contract to buy the entire output for 12 months and advance 10,000 pesos as a guarantee of the order. The following is written on the letter in longhand:

Received, from Mr. A. W. King the sum of $10,000.00 pesos Mexican Money, as an acceptance of the proposition on this letter.

Coyoacan, D. F.                        January 11, 1943.

      (Signed) N. Cano B.

There was also received in evidence as defendant's exhibit 5, a statement signed by Mr. King, containing the following:

43. Is the seller at liberty to sell to all purchasers, in the usual wholesale quantities, such or similar merchandise for exportation to the United States? No, until expiration of agreement.

44. Is such or similar merchandise sold at wholesale, for home consumption in the foreign market? No.

    *       *       *       *       *       *       *

59. What has been the market tendency from the date of this purchase, advancing or declining? No market value made especially for me.

Defendant also introduced into evidence a report of William B. Lankford, Assistant Customs Agent, showing the sales prices of the merchandise according to the records of Snake King. These prices vary considerably for most of the items.

It is a well-settled rule that the burden is upon the plaintiff in reappraisement cases not only to overcome the presumption of correctness attaching to the appraiser's valuation but also to establish

the correct dutiable value of the merchandise. *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276; *Transatlantic Shipping Co., Inc.* v. *United States*, 28 C. C. P. A. 19, C. A. D. 118; *Sears, Roebuck & Co.* v. *United States*, 31 C. C. P. A. 36, C. A. D. 246.

The evidence as to value in this case is inconclusive. Mr. Cano stated that he made some sales in Mexico in quantities of a dozen pieces for less than 20 pesos and that these sales were at retail. The letter written by Mr. Cano (defendant's collective exhibit 3) stated that the price would be 15 cents Mexican money each. Although Mr. Cano testified that the merchandise was sold or offered for sale to all purchasers at the same price and that he had no exclusive agreement with Mr. King, it appears from his letter that Mr. King was to purchase all the insignia manufactured for a period of 12 months. He admitted that the sales to persons other than Mr. King were insignificant. Moreover, in answering the appraiser's questionnaire (defendant's exhibit 5), the importer stated that the seller was not at liberty to sell to all purchasers for exportation to the United States and that such or similar merchandise was not sold for home consumption in the foreign market. The evidence is insufficient to establish the price at which such or similar merchandise is freely offered for sale to all purchasers in either the home market or for exportation in the usual wholesale quantities and in the ordinary course of trade; therefore, no foreign or export value can be found.

Plaintiff has failed to establish any values or bases of values differing from those found by the appraiser. I therefore find the proper bases of valuation to be the cost of production in reappraisement numbers 156475–A, 156481–A, and 156483–A, and the United States value as to the balance, and that such values are the appraised values of each item.

Judgment will be rendered accordingly.